# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAIMYSEI JASPER,<br><br>　　　　Defendant. | No. CR02-1017-LRR<br>No. C04-1034-LRR<br><br>ORDER |

This matter appears before the court on the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 164). The defendant filed his 28 U.S.C. § 2255 motion on September 10, 2004. Also before the court is the defendant's November 11, 2004 motion to amend his 28 U.S.C. § 2255 motion (Docket No. 166), and November 28, 2005 motion requesting the status of his 28 U.S.C. § 2255 motion (Docket No. 175).

Having conducted its preliminary consideration of the defendant's 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court directs the United States Attorney and the defendant to respond in the following manner:

> 1. The United States Attorney for the Northern District of Iowa shall move or plead to the defendant's motion to vacate, set aside or correct sentence by February 22, 2006.
>
> 2. The defendant shall reply to the government's response, if he so chooses, by March 15, 2006.

With respect the defendant's motion to amend his 28 U.S.C. § 2255 motion, the court concludes it is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, a 28 U.S.C. § 2255 motion must be filed within one year of the date the

conviction becomes final, except in circumstances not present here. *See* 28 U.S.C. § 2255.[1] Although he timely filed his original 28 U.S.C. § 2255 motion, the defendant did not file the motion to amend his 28 U.S.C. § 2255 motion before September 24, 2004, which is the last date he could have timely filed an amendment to his 28 U.S.C. § 2255 motion. *See* Fed. R. App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); Fed. R. App. P. 26(a) (indicating it is appropriate when computing time to exclude the day of the event that begins the period, exclude intermediate Saturdays, Sundays and legal holidays, and include the last day of the period unless certain exceptions exist). *See also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."). *Cf. Clay v. United States*, 537

---

[1] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Consequently, any amendment would have to sufficiently relate back to the defendant's original 28 U.S.C. § 2255. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment). *See also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Because the defendant wants to introduce an entirely new claim or an amendment which does not sufficiently relate back to his original claims, the defendant's motion to amend his 28 U.S.C. § 2255 motion (Docket No. 166) is denied.[2]

---

[2] The court notes the defendant's reliance on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to challenge his conviction and resulting sentence is unavailing. In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *United States v. Booker*, 543 U.S. 220, ___, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005) (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to the Federal Sentencing Guidelines). Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005). Thus, even if he timely asserted his claim, the defendant could not rely on either *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), or *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160
(continued…)

3

With respect to the defendant's motion requesting the status of his 28 U.S.C. § 2255 motion, the court has now ordered the United States Attorney to respond and, once it receives a response, the court will address the pending 28 U.S.C. § 2255 motion in a timely fashion. Accordingly, the defendant's motion requesting the status of his 28 U.S.C. § 2255 motion (Docket No. 175) is denied as moot.

**IT IS SO ORDERED**.
**DATED** this 22nd day of December, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2](…continued)
L. Ed. 2d 621 (2005).